# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**       **2. PLEASE TYPE OR PRINT**       **3. STAPLE ALL ADDITIONAL PAGES**

| | |
|---|---|
| Case Caption:<br><br>Mytayari Keyes v. The City of New York, et al. | District Court or Agency:<br><br>SDNY / Judge:<br><br>Oetken |
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br><br>August 24, 2021 / District Court Docket No.:<br><br>18-cv-04712-JPO |
| | Date the Notice of Appeal was Filed:<br><br>September 22, 2021 / Is this a Cross Appeal?<br><br>☐ Yes   ☑ No |

**Attorney(s) for Appellant(s):**
☐ Plaintiff
☐ Defendant

Counsel's Name:       Address:       Telephone No.:       Fax No.:       E-mail:

Henry Bell,
845 Third Ave, Sixth Floor
New York, NY 10022
T: 347-951-7743; E: henry@bellpllc.com

**Attorney(s) for Appellee(s):**
☐ Plaintiff
☐ Defendant

Counsel's Name:       Address:       Telephone No.:       Fax No.:       E-mail:

Ellen Sara Ravitch, New York City Law Department
100 Church Street,
New York, NY 10024
T: 212-356-0851; E: eravitch@law.nyc.gov

| Has Transcript Been Prepared?<br><br>No | Approx. Number of Transcript Pages:<br><br>N/A | Number of Exhibits Appended to Transcript:<br><br>N/A | Has this matter been before this Circuit previously? ☐ Yes ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:       Reporter Citation: (i.e., F.3d or Fed. App.) |

---

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party<br>☑ Federal question (U.S. not a party) | ☐ Diversity<br>☐ Other (specify): _____ | ☑ Final Decision<br>☐ Interlocutory Decision Appealable As of Right | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b))<br>☐ Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B:  DISTRICT  COURT DISPOSITION   (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| ☑ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>　lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br>　failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>　frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>　other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☐ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☑ Damages:<br><br>☑ Sought:  $ 10,000,000<br>☐ Granted: $ _____<br>☐ Denied: $ _____ | ☐ Injunctions:<br><br>☐ Preliminary<br>☐ Permanent<br>☐ Denied |

**PART C:  NATURE OF SUIT   (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☑ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>　Maritime<br>☐ Assault /<br>　Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>　Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>　Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes　☑ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes　☑ No |

1.  Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____　☑ No

2.  To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)   Arises from substantially the same case or controversy as this appeal?　　　　　☐ Yes　☑ No

    (B)   Involves an issue that is substantially similar or related to an issue in this appeal?　　☐ Yes　☐ No

If yes, state whether  ☐ "A," or  ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
|  |  |  |  |

Name of Appellant:

Date: | Signature of Counsel of Record:

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the$505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

    **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. December 2016)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

-----------------------------------------------------------------------x

MYTAYARI KEYES

           Plaintiff

-against-                                    No. 21-2406

THE CITY OF NEW YORK, *et al.*,

           Defendants.

-----------------------------------------------------------------------x

ADDENDUM "A" TO THE CIVIL APPEAL
PRE-ARGUMENT STATEMENT (FORM C)

Plaintiff-Appellant Mytayari Keyes respectfully submits this Addendum "A" to the civil

Appeal Pre-Argument Statement (Form C), filed herewith.

## A BRIEF DESCRIPTION OF THE ACTION

This is an appeal from the Opinion and Order entered on August 24, 2021 (the "Order"),

the the United States District Court for the Southern District of New York, (Oetken, J.) which

granted the motion by Defendants-Appellees the City of New York and Police Officers Manuel

Silva, Peter Cassidy, and Michael Looney for summary judgment and the judgment entered on

August 24, 2021.

On or about March 1, 2017, 9:40 p.m., in the vicinity of West 44th Street and 7th Avenue,

New York, NY 10012, Police Officer Peter Cassidy falsely arrested Mytayari Keyes for Forcible

Touching and Sexual Abuse in the Third Degree without probable cause.

Mr. Keyes was placed in handcuffs by Police Officer Manuel Silva and questioned by

Police Officer Silva, Police Officer Cassidy and/or Sergeant Michael Looney without being

advised of his Miranda rights.  These three members of the New York City Police Department

also attempted to frame Mr. Keyes for a crime he did not commit by encouraging an unknown

person to make false accusations against Mr. Keyes.

At approximately 12:01 p.m. on March 2, 2017, Police Officer Cassidy signed a criminal complaint under the penalty of perjury that charged Mr. Keyes with Forcible Touching, in violation of Penal Law § 130.52, and Sexual Abuse in the Third Degree, in violation of Penal Law § 130.55. The aforementioned criminal complaint was based on the false statements of both Police Officer Cassidy and Police Officer Silva.

On March 28, 2017, the prosecutor filed and served a supporting deposition signed by Police Officer Silva under the penalty of perjury that attested to his alleged observations in the aforementioned criminal complaint. The supporting deposition contained a false attestation. A motion schedule was set and the case was adjourned May 17, 2017, for the Judge's decision on Mr. Keyes's motions.

Before trial Officers Silva, Cassidy, and Looney withheld exculpatory information which was required to be disclosed under Brady v. Maryland, 373 U.S. 83 (1963).

On January 31, 2018, both Mr. Keyes and the prosecutor answered ready for trial, and a bench trial commenced under two counts, the reduced count of Attempted Forcible Touching, in violation of Penal Law §§ 110/130.52, and Sexual Abuse in the Third Degree, in violation of Penal Law § 130.55.

During the pre-trial hearing ordered under Huntley and Dunaway, Police Officer Cassidy falsely testified under oath about the circumstances surrounding Mr. Keyes's arrest. At the bench trial, the prosecution examined only one witness during the case-in-chief, Police Officer Cassidy, who once again falsely testified about the circumstances surrounding Mr. Keyes's arrest. At the close of the prosecutor's case on January 31, 2018, the trial Judge partially granted and partially denied Mr. Keyes's motion for trial order dismissal. The Judge dismissed the count of Attempted

Forcible Touching, in violation of Penal Law §§ 110/130.52.

On February 1, 2018, Mr. Keyes called one witness, Police Officer Silva, who also falsely testified under oath about the circumstances surrounding Mr. Keyes's arrest. After deliberating on the same day, the trial Judge found Mr. Keyes not guilty of the remaining count, Sexual Abuse in the Third Degree, in violation of Penal Law § 130.55.

On May 29, 2018, Mytayari Keyes filed a Complaint against The City of New York and Police Officers Manuel Silva, Peter Cassidy, and Michael Looney.

## NOTICE OF APPEAL AND DOCKET SHEET

A copy of the Notice of Appeal and the District Court docket sheet are attached as Exhibits A and B.

## RELEVANT OPINIONS AND ORDERS

A copy of the Order and Judgment are attached as Exhibits C and D

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MYTAYARI KEYES                                    Index No. 18-cv-04712-JPO

        Plaintiff                        **NOTICE OF APPEAL**

-against-

THE CITY OF NEW YORK, *et al.*,

        Defendants.

-------------------------------------------------------------------x


     **Take notice that** that Mytayari Keyes the plaintiff in the above-named case, hereby

appeals to the United States Court of Appeals for the Second Circuit from: (a) the Memorandum

Opinion and Order, which granted the defendants' motion to for Summary Judgment, entered on

August 24, 2021 (Docket Doc. No. 75); and (b) the Judgment entered on August 24, 2021

(Docket Doc. No. 76).

Dated: New York, NY
September 22, 2021

                          */s/Henry Bell*
                          By: Henry Bell
                          Bell Law PLLC
                     845 Third Ave, Sixth Floor
                       New York, NY 10022
                          347-951-7743

# EXHIBIT B

CLOSED,APPEAL,1983-PLAN,CASREF,ECF,MEDTFR4

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:18-cv-04712-JPO

| | |
|---|---|
| Keyes v. The City Of New York et al | Date Filed: 05/29/2018 |
| Assigned to: Judge J. Paul Oetken | Date Terminated: 08/24/2021 |
| Referred to: Magistrate Judge Robert W. Lehrburger (Settlement) | Jury Demand: Both |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Mytayari Keyes**                    represented by **Andrew Stengel**
The Law Firm of Andrew M. Stengel
11 Broadway
New York, NY 10004
(212)-634-9222
Fax: (212)-634-9223
Email: andrew@stengellaw.com
*ATTORNEY TO BE NOTICED*

**Henry Bell**
Bell Law PLLC
747 Third Ave, Second Floor
New York, NY 10017
347-951-7743
Email: henry@bellpllc.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The City Of New York ,**                    represented by **James Murray**
New York City Law Department
100 Church St.
New York, NY 10007
646-951-3033
Email: jamurray@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Lydell Collins**
Arent Fox LLP
1301 Avenue of the Americas
42nd Floor
New York, NY 10019
212-484-3900
Fax: 212-484-3990
Email: nicholas.collins@arentfox.com

*TERMINATED: 01/11/2021*
*LEAD ATTORNEY*

**Defendant**

**Police Officer Manuel Silva**
*in his individual capacity*

represented by **James Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Lydell Collins**
(See above for address)
*TERMINATED: 01/11/2021*
*LEAD ATTORNEY*

**Defendant**

**Police Officer Peter Cassidy**
*in his individual capacity*

represented by **James Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Lydell Collins**
(See above for address)
*TERMINATED: 01/11/2021*
*LEAD ATTORNEY*

**Defendant**

**Police Officer Michael Looney**
*in his individual capacity*

represented by **James Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Lydell Collins**
(See above for address)
*TERMINATED: 01/11/2021*
*LEAD ATTORNEY*

**Defendant**

**The New York City Police Department**

**Defendant**

**Peter Cassidy**
*in his official capacity*

represented by **James Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Lydell Collins**
(See above for address)
*TERMINATED: 01/11/2021*
*LEAD ATTORNEY*

**Defendant**

**Manuel Silva**
*in his official capacity*

represented by **James Murray**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Lydell Collins**
(See above for address)
*TERMINATED: 01/11/2021*
*LEAD ATTORNEY*

**Defendant**

**Police Officer Michael Looney**      represented by    **James Murray**
*in his official capacity*                                         (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Lydell Collins**
(See above for address)
*TERMINATED: 01/11/2021*
*LEAD ATTORNEY*

**Miscellaneous**

**Lauren Angelo**

**Interested Party**

**New York County District Attorney's Office**    represented by    **Lauren Angelo**
Ny County District Attorney's Office
80 Centre Street
New York, NY 10013
(212)-335-4267
Fax: (212)-335-4390
Email: angelol@dany.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/29/2018 | 1 | **FILING ERROR - DEFICIENT PLEADING - FILED AGAINST PARTY ERROR -** COMPLAINT against Peter Cassidy, Michael Looney, Manuel Silva, The City Of New York,. (Filing Fee $ 400.00, Receipt Number 0208-15125709)Document filed by Mytayari Keyes.(Bell, Henry) Modified on 5/30/2018 (pc). (Entered: 05/29/2018) |
| 05/29/2018 | 2 | CIVIL COVER SHEET filed. (Bell, Henry) (Entered: 05/29/2018) |
| 05/30/2018 | 3 | NOTICE OF PARTICIPATION IN LOCAL CIVIL RULE 83.10 (FORMERLY THE SECTION 1983 PLAN) : Unless otherwise ordered, this case shall participate in the Southern District of New York's Local Civil Rule 83.10. Please reference the Court's website, www.nysd.uscourts.gov, to review Local Civil Rule 83.10, updated 4/1/2015, for important information.(rpr) (Entered: 05/30/2018) |
| 05/30/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Henry Bell. The party information for the following party/parties has been modified: Peter Cassidy, Michael Looney, Manuel Silva. The information for the party/parties has been modified for the following reason/reasons: party text was omitted. (pc)** (Entered: 05/30/2018) |

| | | |
|---|---|---|
| 05/30/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Henry Bell to RE-FILE re: Document No. 1 Complaint. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF; Add Peter Cassidy, Michael Looney, Manuel Silva to ECF with the party text "in his official capacity" for each. Add The New York City Police Department to CM ECF. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents. Re-file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (pc) (Entered: 05/30/2018)** |
| 05/30/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Henry Bell. The following case opening statistical information was erroneously selected/entered: Dollar Demand $600,000; County code New York; Fee Status code due (due). The following correction(s) have been made to your case entry: the Dollar Demand has been modified to blank; the County code has been modified to Kings; the Fee Status code has been modified to pd (paid). (pc) (Entered: 05/30/2018)** |
| 05/30/2018 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge J. Paul Oetken. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (pc) (Entered: 05/30/2018) |
| 05/30/2018 | | Magistrate Judge Robert W. Lehrburger is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (pc) (Entered: 05/30/2018) |
| 05/30/2018 | | Case Designated ECF. (pc) (Entered: 05/30/2018) |
| 05/30/2018 | 4 | **FILING ERROR - DEFICIENT PLEADING - ERROR -** AMENDED COMPLAINT amending 1 Complaint, against Peter Cassidy, Michael Looney, Manuel Silva, The City Of New York,, The New York City Police Department with JURY DEMAND.Document filed by Mytayari Keyes. Related document: 1 Complaint,.(Bell, Henry) Modified on 5/31/2018 (vf). (Entered: 05/30/2018) |
| 05/31/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Henry Bell to RE-FILE re: Document No. 4 Amended Complaint. The filing is deficient for the following reason(s): the wrong event type was used to file the pleading, pleading title reflects "Complaint" ; all of the parties listed on the pleading were not entered on CM ECF in all capacities; Add parties Peter Cassidy, Michael Looney, Manuel Silva to CM ECF with the party text "in his official capacity" for each; not all the party/parties whom the pleading is against were selected. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents. Re-file the pleading using the event type Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (vf) (Entered: 05/31/2018)** |
| 06/12/2018 | 5 | COMPLAINT against The City Of New York,, The New York City Police Department, Peter Cassidy, Manuel Silva, Michael Looney. Document filed by Mytayari Keyes.(Bell, Henry) (Entered: 06/12/2018) |

| 06/14/2018 | 6 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to Police Officer Peter Cassidy, re: 5 Complaint. Document filed by Mytayari Keyes. (Bell, Henry) Modified on 6/15/2018 (dnh). (Entered: 06/14/2018) |
|---|---|---|
| 06/14/2018 | 7 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to Police Officer Michael Looney, re: 5 Complaint. Document filed by Mytayari Keyes. (Bell, Henry) Modified on 6/15/2018 (dnh). (Entered: 06/14/2018) |
| 06/14/2018 | 8 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to Police Officer Manuel Silva, re: 5 Complaint. Document filed by Mytayari Keyes. (Bell, Henry) Modified on 6/15/2018 (dnh). (Entered: 06/14/2018) |
| 06/14/2018 | 9 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to The City of New York, re: 5 Complaint. Document filed by Mytayari Keyes. (Bell, Henry) Modified on 6/15/2018 (dnh). (Entered: 06/14/2018) |
| 06/15/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Henry Bell to RE-FILE Document No. 8 Request for Issuance of Summons, 9 Request for Issuance of Summons, 7 Request for Issuance of Summons, 6 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; Summons caption must directly correspond to the pleading. 'c/o' must be included before Midtown North Precinct. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (dnh)** (Entered: 06/15/2018) |
| 06/20/2018 | 10 | REQUEST FOR ISSUANCE OF SUMMONS as to Police Officer Peter Cassidy, re: 5 Complaint. Document filed by Mytayari Keyes. (Bell, Henry) (Entered: 06/20/2018) |
| 06/20/2018 | 11 | REQUEST FOR ISSUANCE OF SUMMONS as to Police Officer Michael Looney, re: 5 Complaint. Document filed by Mytayari Keyes. (Bell, Henry) (Entered: 06/20/2018) |
| 06/20/2018 | 12 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to The City of New York, re: 5 Complaint. Document filed by Mytayari Keyes. (Bell, Henry) Modified on 6/21/2018 (dnh). (Entered: 06/20/2018) |
| 06/20/2018 | 13 | REQUEST FOR ISSUANCE OF SUMMONS as to Police Officer Manuel Silva, re: 5 Complaint. Document filed by Mytayari Keyes. (Bell, Henry) (Entered: 06/20/2018) |
| 06/21/2018 | 14 | ELECTRONIC SUMMONS ISSUED as to Peter Cassidy. (dnh) (Entered: 06/21/2018) |
| 06/21/2018 | 15 | ELECTRONIC SUMMONS ISSUED as to Michael Looney. (dnh) (Entered: 06/21/2018) |
| 06/21/2018 | 16 | ELECTRONIC SUMMONS ISSUED as to Manuel Silva. (dnh) (Entered: 06/21/2018) |
| 06/21/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Henry Bell to RE-FILE Document No. 12 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF for the request for issuance of summons is not legible; Attorney information not legible. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (dnh)** (Entered: 06/21/2018) |

| | | |
|---|---|---|
| 06/27/2018 | 17 | REQUEST FOR ISSUANCE OF SUMMONS as to The City of New York, re: 5 Complaint. Document filed by Mytayari Keyes. (Bell, Henry) (Entered: 06/27/2018) |
| 06/28/2018 | 18 | ELECTRONIC SUMMONS ISSUED as to The City Of New York,. (dnh) (Entered: 06/28/2018) |
| 08/30/2018 | 19 | NOTICE OF APPEARANCE by Nicholas Lydell Collins on behalf of The City Of New York,. (Collins, Nicholas) (Entered: 08/30/2018) |
| 09/14/2018 | 20 | ANSWER to 5 Complaint with JURY DEMAND. Document filed by Peter Cassidy, Michael Looney, Manuel Silva, The City Of New York,.(Collins, Nicholas) (Entered: 09/14/2018) |
| 09/17/2018 | | LOCAL CIVIL RULE 83.10 (FORMERLY THE SECTION 1983 PLAN) 100-DAY REVIEW: The mediator shall be available to the parties throughout the discovery phase of the Rule and shall schedule and hold the first mediation session in the case within ten (10) days of the close of the discovery period. In the event that the mediation cannot begin within the time set forth herein, the assigned mediator shall promptly notify the Mediation Supervisor of the date by which the mediation will begin and the reason for the delay. The mediator shall correspond with the Mediation Office to arrange a mutually convenient date and time to hold the first session. 1983-Plan Review due by 12/26/2018. Mediator to be Assigned by 9/27/2018.(mf) (Entered: 09/17/2018) |
| 09/17/2018 | | NOTICE OF SELECTION FOR MEDIATION: This case has been selected for participation in the Southern District of New York's mediation program.(mf) (Entered: 09/17/2018) |
| 09/17/2018 | 21 | ORDER: Initial Conference set for 10/12/2018 at 10:45 AM in Courtroom 706, 40 Centre Street, New York, NY 10007 before Judge J. Paul Oetken. SO ORDERED. (Signed by Judge J. Paul Oetken on 9/17/2018) (jca) (Entered: 09/17/2018) |
| 09/28/2018 | | NOTICE OF MEDIATOR ASSIGNMENT - Notice of assignment of mediator.(mf) (Entered: 09/28/2018) |
| 10/09/2018 | | MEDIATOR SESSION SCHEDULED First Mediation Session scheduled for 12/06/18, 10 A.M. at 40 Foley Square.(ah) (Entered: 10/09/2018) |
| 10/10/2018 | 22 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Peter Cassidy, Michael Looney, Manuel Silva, The City Of New York,. (Collins, Nicholas) (Entered: 10/10/2018) |
| 10/12/2018 | | Minute Entry for proceedings held before Judge J. Paul Oetken: Initial Pretrial Conference held on 10/12/2018. Stats letter due by 12/21/2018. (bh) (Entered: 10/12/2018) |
| 10/12/2018 | 23 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). All fact discovery shall be completed no later than February 11, 2019. All expert discovery, including expert depositions, shall be completed no later than 3/26/2019. The parties shall be ready for trial on May 13, 2019. This case is to be tried to a jury. Counsel for the parties have conferred and their present best estimate of the length of trial is 3 days. Status letter to be filed by 12/21/18. (As further set forth in this Order.) Deposition due by 5/28/2019. Fact Discovery due by 2/11/2019. Expert Discovery due by 5/28/2019. Ready for Trial by 5/13/2019. (Signed by Judge J. Paul Oetken on 10/12/2018) (cf) (Entered: 10/12/2018) |
| 12/10/2018 | | Mediator Session Held on 12/06/18 at 40 Foley Square.(ah) (Entered: 12/10/2018) |
| 12/10/2018 | | FINAL REPORT OF MEDIATOR #4...Report of Mediator to the Clerk that the court-ordered mediation in this case was held but was unsuccessful in resolving any issue in the case. The Mediation Unit will consider the referral to be completed and close its files at |

| | | |
|---|---|---|
| | | this time but the judge may re-refer parties to mediation at any point. To evaluate the effectiveness of our Mediators/Mediation Program please click on the following link: http://www.nysd.uscourts.gov/mediation_survey. A fillable PDF of the survey can also be found at www.nysd.uscourts.gov/mediation.(ah) (Entered: 12/10/2018) |
| 12/21/2018 | 24 | JOINT LETTER addressed to Judge J. Paul Oetken from Nicholas L. Collins dated December 21, 2018 re: Status Update and Request for Status Conference. Document filed by Peter Cassidy, Michael Looney, Manuel Silva, The City Of New York,.(Collins, Nicholas) (Entered: 12/21/2018) |
| 12/21/2018 | 25 | MEMO ENDORSEMENT on re: 24 Letter, filed by Manuel Silva, Michael Looney, The City Of New York,, Peter Cassidy. ENDORSEMENT: Granted. Counsel for the parties are directed to appear for a status conference with the Court on January 10, 2019, at 11:30 a.m. in Courtroom 706 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. (Status Conference set for 1/10/2019 at 11:30 AM in Courtroom 706, 40 Centre Street, New York, New York, NY 10007 before Judge J. Paul Oetken.) (Signed by Judge J. Paul Oetken on 12/21/2018) (cf) (Entered: 12/21/2018) |
| 01/02/2019 | 26 | NOTICE OF APPEARANCE by Andrew Stengel on behalf of Mytayari Keyes. (Stengel, Andrew) (Entered: 01/02/2019) |
| 01/07/2019 | | NOTICE: COUNSEL FOR THE PARTIES ARE DIRECTED TO JOINTLY PREPARE AND SUBMIT AN UPDATED PROPOSED CIVIL CASE MANAGEMENT PLAN IN ADVANCE OF THE JANUARY 10, 2019 STATUS CONFERENCE. (bh) (Entered: 01/07/2019) |
| 01/09/2019 | 27 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Peter Cassidy, Michael Looney, Manuel Silva, The City Of New York,. (Collins, Nicholas) (Entered: 01/09/2019) |
| 01/11/2019 | 28 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3). All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). All Fact Discovery due by 5/10/2019. All Expert Discovery due by 6/24/2019. Deposition due by 6/24/2019. Ready for Trial by 8/7/2019. This case is to be tried to a jury. Counsel for the parties have conferred and their present best estimate of the length of trial is 3 days. The next Case Management Conference set for 5/17/2019 at 11:00 AM before Judge J. Paul Oetken. And as set forth herein. SO ORDERED. (Signed by Judge J. Paul Oetken on 1/10/2019) (ama) (Entered: 01/11/2019) |
| 05/09/2019 | 29 | LETTER addressed to Judge J. Paul Oetken from Plaintiff's Counsel dated May 9, 2019 re: Joint Letter Requesting Extension of Discovery Deadlines. Document filed by Mytayari Keyes.(Bell, Henry) (Entered: 05/09/2019) |
| 05/09/2019 | 30 | MEMO ENDORSEMENT on re: 29 Letter filed by Mytayari Keyes. ENDORSEMENT: Granted. The parties shall adhere to the fact and expert discovery deadlines set forth above. The pretrial conference previously scheduled for May 17, 2019, is adjourned to July 19, 2019, at 11:30 a.m. So ordered. (Signed by Judge J. Paul Oetken on 5/9/2019) ( Expert Discovery due by 9/2/2019., Fact Discovery due by 7/12/2019., Pretrial Conference set for 7/19/2019 at 11:30 AM before Judge J. Paul Oetken.) (ks) (Entered: 05/09/2019) |
| 07/02/2019 | 31 | CONSENT LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge J. Paul Oetken from Nicholas L. Collins dated July 2, 2019. Document filed by Peter Cassidy, Michael Looney, Manuel Silva, The City Of New York,.(Collins, Nicholas) (Entered: 07/02/2019) |
| 07/03/2019 | 32 | ORDER granting 31 Letter Motion for Extension of Time to Complete Discovery. GRANTED. ALL FACT DISCOVERY SHALL BE COMPLETED BY SEPTEMBER 2, |

| | | |
|---|---|---|
| | | 2019. ALL EXPERT DISCOVERY SHALL BE COMPLETED BY NOVEMBER 4, 2019. THE CONFERENCE PREVIOUSLY SCHEDULED FOR JULY 19, 2019, IS ADJOURNED TO SEPTEMBER 12, 2019, AT 5:00 P.M. SO ORDERED. (HEREBY ORDERED by Judge J. Paul Oetken)(Text Only Order) (bh) (Entered: 07/03/2019) |
| 08/28/2019 | 33 | FIRST LETTER MOTION for Extension of Time addressed to Judge J. Paul Oetken from Lauren Angelo dated 08/28/19. Document filed by Lauren Angelo.(Ante, Christina) (Entered: 08/28/2019) |
| 08/30/2019 | 34 | ORDER granting 33 Letter Motion for Extension of Time. GRANTED. THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE MAY FILE ITS MOTION TO QUASH ON OR BEFORE OCTOBER 4, 2019. SO ORDERED. (HEREBY ORDERED by Judge J. Paul Oetken)(Text Only Order) (bh) (Entered: 08/30/2019) |
| 08/30/2019 | 35 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge J. Paul Oetken from Henry Bell dated August 30, 2019. Document filed by Mytayari Keyes. (Bell, Henry) (Entered: 08/30/2019) |
| 09/03/2019 | 36 | ORDER granting 35 Letter Motion for Extension of Time to Complete Discovery. GRANTED. ALL FACT DISCOVERY SHALL BE COMPLETED BY OCTOBER 17, 2019. ALL EXPERT DISCOVERY SHALL BE COMPLETED BY DECEMBER 17, 2019. THE CONFERENCE PREVIOUSLY SCHEDULED FOR SEPTEMBER 12, 2019, IS ADJOURNED TO OCTOBER 24, 2019, AT 12:15 P.M. SO ORDERED. (HEREBY ORDERED by Judge J. Paul Oetken)(Text Only Order) (el) (Entered: 09/03/2019) |
| 10/01/2019 | 37 | MOTION to Quash Subpoenas *Notice of Motion*. Document filed by New York County District Attorney's Office.(Angelo, Lauren) (Entered: 10/01/2019) |
| 10/01/2019 | 38 | DECLARATION of Lauren Angelo in Support re: 37 MOTION to Quash Subpoenas *Notice of Motion.*. Document filed by New York County District Attorney's Office. (Angelo, Lauren) (Entered: 10/01/2019) |
| 10/01/2019 | 39 | MEMORANDUM OF LAW in Support re: 37 MOTION to Quash Subpoenas *Notice of Motion*. . Document filed by New York County District Attorney's Office. (Attachments: # 1 Exhibit A)(Angelo, Lauren) (Entered: 10/01/2019) |
| 10/09/2019 | 40 | PROPOSED SCHEDULING ORDER. Document filed by Mytayari Keyes. (Bell, Henry) (Entered: 10/09/2019) |
| 10/09/2019 | 41 | STIPULATION AND ORDER REGARDING BRIEFING SCHEDULE FOR MOTION TO QUASH: Plaintiff Mytayari Keyes, and third-party movants Assistant District Attorney Tania Fiedorek and Assistant District Attorney Jeffrey Levinson New York County District Attorney's Office ("Movants") hereby stipulate by and through their undersigned counsel that: 1. Plaintiff shall file and serve his opposition to DANY's motion to quash by October 25, 2019. 2. Movants shall file and serve their reply to Plaintiff's opposition by November 22, 2019. SO ORDERED. ( Responses due by 10/25/2019, Replies due by 11/22/2019.) (Signed by Judge J. Paul Oetken on 10/09/2019) (ama) (Entered: 10/09/2019) |
| 10/24/2019 | | Minute Entry for proceedings held before Judge J. Paul Oetken: Pretrial Conference held on 10/24/2019. All discovery to be completed by 1/17/2020. Status conference scheduled for 1/31/2020 at 11:15am. Trial set for 5/18/2020. (bh) (Entered: 10/24/2019) |
| 10/25/2019 | 42 | MEMORANDUM OF LAW in Opposition re: 37 MOTION to Quash Subpoenas *Notice of Motion*. . Document filed by Mytayari Keyes. (Bell, Henry) (Entered: 10/25/2019) |
| 10/25/2019 | 43 | AFFIRMATION of Henry Bell, Esq. in Opposition re: 37 MOTION to Quash Subpoenas *Notice of Motion.*. Document filed by Mytayari Keyes. (Attachments: # 1 Exhibit Fidorek |

| | | |
|---|---|---|
| | | DA Datasheet, # 2 Exhibit Levinson Transcript, # 3 Exhibit Cassidy Transcript)(Bell, Henry) (Entered: 10/25/2019) |
| 11/19/2019 | 44 | REPLY MEMORANDUM OF LAW in Support re: 37 MOTION to Quash Subpoenas *Notice of Motion*. . Document filed by Lauren Angelo. (Angelo, Lauren) (Entered: 11/19/2019) |
| 12/17/2019 | 45 | LETTER MOTION for Extension of Time *for Expert Disclosures* addressed to Judge J. Paul Oetken from Henry Bell dated December 17, 2019. Document filed by Mytayari Keyes.(Bell, Henry) (Entered: 12/17/2019) |
| 12/18/2019 | 46 | ORDER granting 45 Letter Motion for Extension of Time. GRANTED. THE DEADLINE FOR EXPERT DISCLOSURES IS EXTENDED TO FEBRUARY 17, 2020. SO ORDERED. (HEREBY ORDERED by Judge J. Paul Oetken)(Text Only Order) (el) (Entered: 12/18/2019) |
| 01/10/2020 | 47 | ORDER granting 37 Motion to Quash. Accordingly, DANY's motion to quash is granted. The Court concludes, however, that the results of any adverse internal investigation or disciplinary proceeding involving the Defendant officers in connection with this incident may be subject to production in discovery. While opinion work product is broadly protected, "fact work product" encompassing factual material, including the result of a factual investigation," In re Grand Jury Subpoena, 510 F.3d 180, 183 (2d Cir. 2007) must be produced upon a showing of substantial need and the inability to obtain its equivalent from other sources. If any such investigations or proceedings involving this incident occurred and resulted in adverse findings regarding any of the Defendant officers, the Court will entertain a motion to compel production of any pertinent documents that have not already been produced. If there was no such investigation, proceeding, or adverse finding, DANY may so state in a declaration or affidavit. SO ORDERED. (The Clerk shall close the motion at Docket No. 37.). (Signed by Judge J. Paul Oetken on 1/9/2020) (js) (Entered: 01/10/2020) |
| 01/16/2020 | 48 | DECLARATION of Assistant District Attorney Lauren Angelo in Support re: 37 MOTION to Quash Subpoenas *Notice of Motion*.. Document filed by New York County District Attorney's Office. (Angelo, Lauren) (Entered: 01/16/2020) |
| 01/16/2020 | 49 | CONSENT LETTER MOTION to Adjourn Conference addressed to Judge J. Paul Oetken from Nicholas L. Collins dated January 16, 2020. Document filed by Peter Cassidy, Michael Looney, Manuel Silva, The City Of New York,.(Collins, Nicholas) (Entered: 01/16/2020) |
| 01/17/2020 | 50 | ORDER granting 49 Letter Motion to Adjourn Conference. GRANTED. THE CONFERENCE SCHEDULED FOR JANUARY 31, 2020, IS ADJOURNED TO FEBRUARY 13, 2020, AT 12:00PM. SO ORDERED. (HEREBY ORDERED by Judge J. Paul Oetken)(Text Only Order) (el) (Entered: 01/17/2020) |
| 02/13/2020 | | Minute Entry for proceedings held before Judge J. Paul Oetken: Pretrial Conference held on 2/13/2020. The 5/18/20 trial date is adjourned sine die. Status letter due by 5/18/2020. (bh) (Entered: 02/13/2020) |
| 02/13/2020 | 51 | ORDER OF REFERENCE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Settlement. Referred to Magistrate Judge Robert W. Lehrburger. The parties are directed to confer with each other and with the magistrate judge to determine the most fruitful time to hold the settlement conference. SO ORDERED. (Signed by Judge J. Paul Oetken on 2/13/2020) (ks) (Entered: 02/13/2020) |
| 03/09/2020 | 52 | SCHEDULING ORDER: Telephone Conference set for 5/5/2020 at 9:30 AM in advance of a settlement conference before Magistrate Judge Robert W. Lehrburger. The parties are |

| | | |
|---|---|---|
| | | instructed to review Judge Lehrburger's Individual Practices and Procedures for Settlement. Parties shall call the teleconference line at (888)-398-2342 and enter pass code 9543348. (HEREBY ORDERED by Magistrate Judge Robert W. Lehrburger) (Text Only Order) (rsh) (Entered: 03/09/2020) |
| 03/10/2020 | 53 | SCHEDULING ORDER: Settlement Conference set for 5/27/2020 at 9:30 AM in Courtroom 18D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Robert W. Lehrburger. Parties are instructed to review and adhere to Judge Lehrburger's individual Settlement Conference Procedures. The parties are further instructed to submit their pre-conference submissions, along with their Attendance Acknowledgment Form (available in pdf fillable format as attachment to the Settlement Conference Procedures) no later than May 20, 2020, by 5:00 p.m. (HEREBY ORDERED by Magistrate Judge Robert W. Lehrburger) (Text Only Order) (rsh) (Entered: 03/10/2020) |
| 05/05/2020 | 54 | ORDER: The settlement conference currently scheduled as an in-person appearance on May 27, 2020 at 9:30 a.m. will be converted into a telephonic conference to take place at the same date and time. The parties shall call the teleconference line at (888) 398-2342 and enter pass code 9543348. Plaintiff must make a bona fide settlement demand in advance of the May 27, 2020 settlement conference. Defense counsel shall notify Plaintiff counsel of the sum and substance of today's pre-settlement conference call, which Plaintiff's counsel failed to attend. SO ORDERED. Telephone Conference set for 5/27/2020 at 09:30 AM before Magistrate Judge Robert W. Lehrburger. (Signed by Magistrate Judge Robert W. Lehrburger on 5/5/2020) (mml) (Entered: 05/05/2020) |
| 05/05/2020 | | Minute entry for proceedings held before Magistrate Judge Robert W. Lehrburger: Pre-Settlement Telephone Conference held on 5/5/2020 at 9:30 a.m. (rsh) (Entered: 05/06/2020) |
| 05/27/2020 | | Minute Entry for proceedings held before Magistrate Judge Robert W. Lehrburger: Settlement Conference held on 5/27/2020. Not settled. (kgo) (Entered: 06/01/2020) |
| 07/31/2020 | 55 | ORDER. A STATUS LETTER IN THIS MATTER WAS DUE ON MAY 18, 2020, BUT TO DATE, NO LETTER HAS BEEN FILED. SEE MINUTE ENTRY FOR PROCEEDINGS HELD 02/13/20. THE PARTIES SHALL SUBMIT A STATUS LETTER ON OR BEFORE AUGUST 14, 2020. SO ORDERED. (HEREBY ORDERED by Judge J. Paul Oetken) (Text Only Order) (el) (Entered: 07/31/2020) |
| 08/14/2020 | 56 | LETTER addressed to Judge J. Paul Oetken from Henry Bell dated August 14, 2020 re: Joint Status Letter. Document filed by Mytayari Keyes..(Bell, Henry) (Entered: 08/14/2020) |
| 10/19/2020 | 57 | ORDER: The District Attorney for New York County is directed to affirm, on or before October 23, 2020, whether there has been an investigation into the incident at issue, regardless of the findings of such an investigation. Thereafter, the parties shall abide by the following briefing schedule with respect to Defendants proposed motion for summary judgment: Defendants file their motion by November 20, 2020. Plaintiff files his opposition by December 22, 2020. Defendants file their reply by January 8, 2021. (Motions due by 11/20/2020. Responses due by 12/22/2020 Replies due by 1/8/2021.) (Signed by Judge J. Paul Oetken on 10/19/2020) (nb) (Entered: 10/19/2020) |
| 11/05/2020 | 58 | FIRST RESPONSE . Document filed by New York County District Attorney's Office.. (Angelo, Lauren) (Entered: 11/05/2020) |
| 11/17/2020 | 59 | CONSENT LETTER MOTION for Extension of Time to File *Defendants' Motion for Summary Judgment* addressed to Judge J. Paul Oetken from Nicholas L. Collins dated November 17, 2020. Document filed by Peter Cassidy, Peter Cassidy, Michael Looney, |

| | | Michael Looney, Manuel Silva, Manuel Silva, The City Of New York,..(Collins, Nicholas) (Entered: 11/17/2020) |
|---|---|---|
| 11/18/2020 | 60 | ORDER granting 59 Letter Motion for Extension of Time to File. GRANTED. DEFENDANTS SHALL FILE THEIR MOTION BY DECEMBER 7, 2020; PLAINTIFF SHALL FILE HIS OPPOSITION BY JANUARY 8, 2021; AND DEFENDANTS SHALL FILE ANY REPLY BY JANUARY 22, 2021. (HEREBY ORDERED by Judge J. Paul Oetken)(kye)(Text Only Order) (Entered: 11/18/2020) |
| 12/04/2020 | 61 | CONSENT LETTER MOTION for Extension of Time to File *Motion for Summary Judgment* addressed to Judge J. Paul Oetken from Nicholas L. Collins dated December 4, 2020. Document filed by Peter Cassidy, Peter Cassidy, Michael Looney, Michael Looney, Manuel Silva, Manuel Silva, The City Of New York,..(Collins, Nicholas) (Entered: 12/04/2020) |
| 12/07/2020 | 62 | ORDER granting 61 Letter Motion for Extension of Time to File. GRANTED. DEFENDANTS SHALL FILE THEIR MOTION BY DECEMBER 9, 2020; PLAINTIFF SHALL FILE HIS OPPOSITION BY JANUARY 11, 2021; AND DEFENDANTS SHALL FILE ANY REPLY BY JANUARY 25, 2021. (HEREBY ORDERED by Judge J. Paul Oetken)(kye)(Text Only Order) (Entered: 12/07/2020) |
| 12/09/2020 | 63 | MOTION for Summary Judgment *Pursuant to Rule 56 of the Federal Rules of Civil Procedure*. Document filed by Peter Cassidy, Peter Cassidy, Michael Looney, Michael Looney, Manuel Silva, Manuel Silva, The City Of New York,. Responses due by 1/11/2021.(Collins, Nicholas) (Entered: 12/09/2020) |
| 12/09/2020 | 64 | RULE 56.1 STATEMENT. Document filed by Peter Cassidy, Peter Cassidy, Michael Looney, Michael Looney, Manuel Silva, Manuel Silva, The City Of New York,..(Collins, Nicholas) (Entered: 12/09/2020) |
| 12/09/2020 | 65 | DECLARATION of Nicholas L. Collins in Support re: 63 MOTION for Summary Judgment *Pursuant to Rule 56 of the Federal Rules of Civil Procedure.*. Document filed by Peter Cassidy, Peter Cassidy, Michael Looney, Michael Looney, Manuel Silva, Manuel Silva, The City Of New York,. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L).(Collins, Nicholas) (Entered: 12/09/2020) |
| 12/09/2020 | 66 | MEMORANDUM OF LAW in Support re: 63 MOTION for Summary Judgment *Pursuant to Rule 56 of the Federal Rules of Civil Procedure*. . Document filed by Peter Cassidy, Peter Cassidy, Michael Looney, Michael Looney, Manuel Silva, Manuel Silva, The City Of New York,..(Collins, Nicholas) (Entered: 12/09/2020) |
| 01/07/2021 | 67 | FIRST LETTER addressed to Judge J. Paul Oetken from Henry Bell dated January 7, 2021 re: Requesting Extension of Deadline to Oppose Defendants' Summary Judgment Motion. Document filed by Mytayari Keyes..(Bell, Henry) (Entered: 01/07/2021) |
| 01/07/2021 | 68 | NOTICE of Substitution of Attorney. Old Attorney: Nicholas L. Collins, New Attorney: James R. Murray, Address: Office of the Corporation Counsel of the City of New York, 100 Church Street, New York, New York, United States 10007, (212) 356-2372. Document filed by Peter Cassidy, Michael Looney, Manuel Silva, The City Of New York,. (Attachments: # 1 Affidavit Declaration in Support of Notice of Substitution of Counsel). (Murray, James) (Entered: 01/07/2021) |
| 01/08/2021 | 69 | ORDER: GRANTED. PLAINTIFF SHALL FILE HIS OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT ON OR BEFORE JANUARY 26, 2021; DEFENDANTS SHALL REPLY TO THE OPPOSITION ON OR BEFORE FEBRUARY 9, 2021. (HEREBY ORDERED by Judge J. Paul Oetken)(kye)(Text Only Order) (Entered: 01/08/2021) |

| 01/11/2021 | 70 | MEMO ENDORSEMENT on re: 68 Notice of Substitution of Counsel filed by Manuel Silva, Michael Looney, The City Of New York,, Peter Cassidy ENDORSEMENT: So Ordered. Attorney James Murray for Peter Cassidy,James Murray for Peter Cassidy,James Murray for Michael Looney,James Murray for Michael Looney,James Murray for Manuel Silva,James Murray for Manuel Silva,James Murray for The City Of New York added. Attorney Nicholas Lydell Collins terminated. (Signed by Judge J. Paul Oetken on 1/11/2021) (js) (Entered: 01/11/2021) |
|---|---|---|
| 01/26/2021 | 71 | AFFIRMATION of Andrew Stengel in Opposition re: 63 MOTION for Summary Judgment *Pursuant to Rule 56 of the Federal Rules of Civil Procedure.*. Document filed by Mytayari Keyes. (Attachments: # 1 Exhibit 1 - Audio File, # 2 Exhibit 2 - Audio Transcript).(Bell, Henry) (Entered: 01/26/2021) |
| 01/26/2021 | 72 | REPLY MEMORANDUM OF LAW in Opposition re: 63 MOTION for Summary Judgment *Pursuant to Rule 56 of the Federal Rules of Civil Procedure*. . Document filed by Mytayari Keyes. (Attachments: # 1 Plaintiff's Reply to Defendants' Statement of Material Facts).(Bell, Henry) (Entered: 01/27/2021) |
| 02/09/2021 | 73 | REPLY MEMORANDUM OF LAW in Support re: 63 MOTION for Summary Judgment *Pursuant to Rule 56 of the Federal Rules of Civil Procedure*. . Document filed by Peter Cassidy, Peter Cassidy, Michael Looney, Michael Looney, Manuel Silva, Manuel Silva, The City Of New York,..(Murray, James) (Entered: 02/09/2021) |
| 02/09/2021 | 74 | REPLY *to Plaintiff's Counter-Statement of Undisputed Facts Pursuant to Local Rule of Civil Procedure 56.1*. Document filed by Peter Cassidy, Peter Cassidy, Michael Looney, Michael Looney, Manuel Silva, Manuel Silva, The City Of New York,..(Murray, James) (Entered: 02/09/2021) |
| 08/24/2021 | 75 | OPINION AND ORDER: re: 63 MOTION for Summary Judgment *Pursuant to Rule 56 of the Federal Rules of Civil Procedure*. filed by Manuel Silva, Michael Looney, The City Of New York,, Peter Cassidy, Manuel Silva. For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to close the motion at Docket Number 63 and to close this case. So Ordered. (Signed by Judge J. Paul Oetken on 8/24/2021) (js) Transmission to Orders and Judgments Clerk for processing. (Entered: 08/24/2021) |
| 08/24/2021 | 76 | CLERK'S JUDGMENT re: 75 Memorandum & Opinion in favor of The City Of New York, The New York City Police Department, Manuel Silva, Michael Looney, Peter Cassidy against Mytayari Keyes. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated August 24, 2021, Defendants' motion for summary judgment is GRANTED; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 8/24/2021) (Attachments: # 1 Right to Appeal) (km) (Entered: 08/24/2021) |
| 09/22/2021 | 77 | NOTICE OF APPEAL from 76 Clerk's Judgment,, 75 Memorandum & Opinion,,. Document filed by Mytayari Keyes. Filing fee $ 505.00, receipt number BNYSDC-25097764. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Bell, Henry) (Entered: 09/22/2021) |
| 09/23/2021 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 77 Notice of Appeal. (tp) (Entered: 09/23/2021) |
| 09/23/2021 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 77 Notice of Appeal, filed by Mytayari Keyes were transmitted to the U.S. Court of Appeals. (tp) (Entered: 09/23/2021) |

**PACER Service Center**

| | | | |
|---|---|---|---|
| | **Transaction Receipt** | | |
| | 10/26/2021 21:17:10 | | |
| **PACER Login:** | belllawpllc | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cv-04712-JPO |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYTAYARI KEYES,

                      Plaintiff,

        -v-

THE CITY OF NEW YORK, *et al.*,
                      Defendants.

18-CV-4712 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

On May 29, 2018, Plaintiff Mytayari Keyes brought this action under 42 U.S.C. § 1983 against Defendants the City of New York ("the City") and the New York City Police Department ("NYPD") Officers Manuel Silva, Peter Cassidy, and Michael Looney, in relation to Keyes's March 1, 2017 arrest and subsequent prosecution for forcible touching and sexual abuse. Keyes claims that Defendants subjected him to an unlawful false arrest and malicious prosecution.[1] On December 9, 2020, Defendants moved for summary judgment. For the reasons that follow, the motion is granted.

## I.    Background

On March 1, 2017, Defendants Silva, Cassidy, and Looney were patrolling the Midtown North Precinct on behalf of that Precinct's Anti-Crime Unit. (Dkt. No. 72-1 ¶¶ 2–6.) Defendants Silva, Cassidy, and Looney were spread out in Times Square, watching for crimes in progress or about to take place. (Dkt. No. 72-1 ¶¶ 9, 11–14.) The officers were in plain clothes, so as to blend in with members of the public. (Dkt. No. 72-1 ¶¶ 7–8.)

---

[1] In his complaint, Keyes also lists a fair trial claim, a *Monell* claim, and various state law claims. In response to Defendants' motion for summary judgment, Keyes abandoned those claims. (Dkt. No. 72 at 1.)

Defendant Cassidy first observed Keyes from behind, in the vicinity of 44th Street. (Dkt. No. 72-1 ¶¶ 16–17.) Defendant Cassidy testified that he began to follow Keyes because he observed Keyes "looking down towards people's waistlines" and believed that Keyes "was possibly looking at people's bags for a possible open bag." (Dkt. No. 65-4 at 23:3–9.) Defendant Cassidy recalled following Keyes, who hovered between 44th Street and 43rd Street, for roughly 10 minutes. (Dkt. No. 65-4 at 26:18–19, 29:20–25, 30:2–3.) During that time, Defendant Cassidy saw Keyes "approaching multiple women" but could not, from his vantage point, see Keyes touching any of the women or reaching for their bags. (Dkt. No. 65-4 at 25:7–11, 25:16–23.) After following Keyes for 10 minutes, Defendant Cassidy crossed the street "in case [Keyes had] realized that [Defendant Cassidy] was actually watching him" and "to watch [Keyes] from a further angle." (Dkt. No. 65-4 at 27:15–20.) Defendant Cassidy testified that he then saw Keyes "approach a woman [("Alleged Victim 1")] from behind very closely" and "raise his right hand and rub . . . the woman's buttocks . . . in an up and down motion." (Dkt. No. 65-4 at 39:9–13.) Defendant Cassidy approximated that the interaction with Alleged Victim 1 lasted between one and three seconds. (Dkt. No. 65-4 at 43:21–25.)

Separately, Defendant Silva observed Keyes. Defendant Silva testified that Keyes drew his attention because "[h]is hands were close to [women's] handbags." (Dkt. No. 65-5 at 28:10–12.) He estimated that he followed Keyes from several feet away for half an hour. (Dkt. No. 65-5 at 22:7–13.) Defendant Silva recalled that he witnessed Keyes touch between seven and nine women, including Alleged Victim 1. (Dkt. No. 65-5 at 18:13–15.) He described that Keyes "would just touch [a woman] and move over, get close, but that [the touch] didn't last too long." (Dkt. No. 65-5 at 18:8–10.) Defendant Silva suggested that Keyes was fairly subtle, in that not

all women reacted to his touch and his touch could be perceived as an accident.  (Dkt. No. 65-5 at 19:18–20.)

Defendant Looney, the supervising officer on patrol, also took note of Keyes.  (Dkt. No. 65-6 at 8:7–8, 17:14–24.)  Defendant Looney recalled that Keyes "would get behind women unnecessarily close" and "follow them in public."  (*Id*.)  Defendant Looney testified that he was trailing approximately 10-to-15 feet behind Defendant Silva when Defendant Silva "made a gesture and . . . made eye contact," to indicate that Keyes had done something inappropriate to Alleged Victim 1.  (Dkt. No. 65-6 at 23:20–25, 24:23–24.)  Defendant Silva gestured not only to Defendant Looney but also to Defendant Cassidy.  (Dkt. No. 65-5 at 34:11–15.)

After Keyes supposedly touched Alleged Victim 1, Defendant Cassidy joined Defendant Silva, and the two arrested Keyes at 44th Street and Seventh Avenue.  (Dkt. No. 72-1 ¶ 52.)  As they were handling the arrest, Defendant Looney approached Alleged Victim 1.  (Dkt. No. 72-1 ¶ 55.)  Defendant Looney informed Alleged Victim 1 that he was an NYPD officer and that she was the victim of a crime.  (Dkt. No. 72-1 ¶ 56.)  Alleged Victim 1 said that she "didn't feel anything," refused to speak with Defendant Looney any further, and walked away.  (Dkt. No. 65-6 at 27:5–10; Dkt. No. 71-2 at 4.)  Defendant Looney estimated that he interacted with Alleged Victim 1 for no more than 15 seconds.  (Dkt. No. 65-6 at 28:20–22.)

From a distance, Keyes saw Defendant Looney's interaction with Alleged Victim 1. Before being accused of any specific wrongdoing, Keyes said, "She did not say that I did this. . . . Doesn't she have to press charges on me? . . . She's shaking her head.  She said I didn't do anything to her."  (Dkt. No. 71-2 at 1.)  Defendants Cassidy and Silva brushed off Keyes's comments and asked him, "How long you been out here for?  Because we just saw you now." (*Id*.)  Keyes refused to answer, both requesting a lawyer and insisting that it was "not fair" that

he was being arrested when Alleged Victim 1 would not speak against him. (Dkt. No. 71-2 at 1–2.) Keyes was then brought to the Midtown North station for processing. (Dkt. No. 72-1 ¶ 59.) Defendant Cassidy handled Keyes's paperwork, and Defendant Silva relayed to Defendant Cassidy that he had observed Keyes touching at least one other woman, Alleged Victim 2, in Times Square. (Dkt. No. 65-4 at 53:21–25, 54:1–19; Dkt. No. 65-5 at 42:18–25, 43:2–10.)

On March 2, 2017, Defendant Cassidy swore out a criminal complaint against Keyes that charged him with one count of forcible touching and one count of sexual abuse in the third degree. (Dkt. No. 72-1 ¶ 61.) The complaint covered Defendant Cassidy's own observation of Keyes with Alleged Victim 1, as well as the information about Alleged Victim 2 that Defendant Silva had conveyed to Defendant Cassidy. (Dkt. No. 65-8.) On March 10, 2017, Defendant Silva prepared an affidavit regarding Alleged Victim 2 in support of the complaint. (Dkt. No. 65-9.) Keyes proceeded to trial in the Criminal Court of the City of New York, County of New York, on January 31, 2018. (Dkt. No. 72-1 ¶ 64.) The judge determined that Defendants had probable cause for the prosecution but acquitted Keyes of the charges against him. (Dkt. No. 72-1 ¶¶ 64–65.)

On February 28, 2018, Keyes filed a Notice of Claim outlining, *inter alia*, his false arrest and malicious prosecution claims against Defendants. (Dkt. No. 72-1 ¶ 67.) Keyes filed the complaint in this Court three months later, on May 29, 2018. (Dkt. No. 1.) Now pending before the Court is Defendants' December 9, 2020 motion for summary judgment.

## II. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "On summary judgment, the party bearing the

burden of proof at trial must provide evidence on each element of its claim or defense." *Cohen Lans LLP v. Naseman*, No. 14-cv-4045, 2017 WL 477775, at *3 (S.D.N.Y. Feb. 3, 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). "If the party with the burden of proof makes the requisite initial showing, the burden shifts to the opposing party to identify specific facts demonstrating a genuine issue for trial, *i.e.*, that reasonable jurors could differ about the evidence." *Clopay Plastic Prods. Co. v. Excelsior Packaging Grp., Inc.*, No. 12-cv-5262, 2014 WL 4652548, at *3 (S.D.N.Y. Sept. 18, 2014). The Court must view all evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor," and summary judgment may be granted only if "no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal quotation marks and citations omitted).

## III. Discussion

Defendants seek summary judgment on the basis that Defendants had probable cause to arrest and prosecute Keyes. As Defendants argue, "[p]robable cause is a complete defense to an action for false arrest brought under New York law or § 1983." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (internal quotation marks and citation omitted). Likewise, "probable cause is a complete defense to a claim of malicious prosecution." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003); *accord Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (referring to probable cause in the context of a malicious prosecution claim as "continuing probable cause").

Probable cause exists when an officer has "knowledge or reasonably trustworthy information sufficient to warrant . . . the belief that an offense had been committed by the person [] arrested." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks and citation omitted). This belief need not be "correct or more likely true than false," though it

5

should be reached in good faith. *Mara v. Rilling*, 921 F.3d 48, 69 (2d Cir. 2019) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)). An officer's belief that a person committed an offense can be reasonably formed based on the observations of a fellow officer. *Panetta*, 460 F.3d at 395. In general, neither the inaccuracy of such observations nor an officer's failure to investigate a person's "protestations of innocence" vitiates probable cause. *Id*. at 395–96. It bears mention that "the standard for establishing probable cause is well below that for establishing guilt beyond a reasonable doubt." *Husbands ex rel. Forde v. City of New York*, 335 F. App'x 124, 128 (2d Cir. 2009).

Here, Defendants had probable cause to arrest Keyes for forcible touching and sexual abuse in the third degree. Under New York Penal Law ("NYPL") § 130.52, forcible touching is defined as "intentionally, and for no legitimate purpose, forcibly touch[ing] the sexual or other intimate parts of another person for the purpose of . . . gratifying the actor's sexual desire." And under NYPL § 130.55, sexual abuse in the third degree is "subject[ing] another person to sexual contact without the latter's consent." Defendants either themselves observed or relied on their fellow officers' observations of Keyes stroking women's backsides. Their observations were bolstered by Keyes's seemingly knowing response to his arrest: "She did not say that I did this. . . . Doesn't she have to press charges on me?" (Dkt. No. 71-2 at 1.) Defendants' observations and Keyes's response would be enough to lead "a person of reasonable caution" to believe that Keyes had subjected women to non-consensual sexual contact, in violation of NYPL §§ 130.52 and 130.55. *Panetta*, 460 F.3d at 395 (internal quotation marks and citation omitted); *see also People v. Watson*, 147 N.Y.S.3d 866 (Table), 2021 WL 2697233, at *1 (1st Dep't 2021) ("[I]t can be reasonably inferred that defendant," who had repeatedly rubbed a woman's backside, "touched the victim . . . to gratify his sexual desires." (citations omitted)).

Keyes's arguments to the contrary are unpersuasive. In contesting whether Defendants had probable cause to arrest him, Keyes identifies three supposed disputes of material fact. First, he calls into question whether Defendants tailed him for at least 10 minutes, given one officer's statement during the arrest that the officers "just saw [him] now." (Dkt. No. 72 at 4.) But Keyes reads too much into the statement, which conveys only that the officers witnessed Keyes's interaction with Alleged Victim 1. The statement does not clearly indicate when Defendants first noticed Keyes and does not preclude the possibility that Defendant Silva witnessed Keyes touching Alleged Victim 2 earlier. Moreover, even if Defendants had observed nothing other than Keyes's touching of Alleged Victim 1, they would still have probable cause to arrest Keyes for a violation of NYPL §§ 130.52 and 130.55. *See Jimenez v. City of New Rochelle*, No. 19-cv-2525, 2021 WL 1178090, at *5 (S.D.N.Y. Mar. 29, 2021) ("As long as there was probable cause to arrest the plaintiff for some offense, a false arrest claim will fail.").

Second, Keyes argues that he "did not touch the buttocks of any woman." (Dkt. No. 72-1 *passim*.) This may be true — perhaps Keyes brought his hand near to but did not actually touch Alleged Victims 1 and 2 — but it does not negate the possibility that Defendants believed they saw Keyes touch Alleged Victims 1 and 2. Defendants' good-faith belief that they saw Keyes engage in non-consensual sexual conduct suffices to create probable cause for his arrest. *See Liverpool v. Cleveland*, 848 F. App'x 468, 469 (2021) ("Because [the defendant] observed the concealed hand movement, even if he misperceived that movement as a lewd act, both he and the arresting officer . . . had probable cause to arrest [the plaintiff].").

Third, Keyes contends that he, Defendant Cassidy, and Defendant Silva all "testified to [] separate versions of the events leading up to [his] arrest." (Dkt. No. 72 at 2–3.) Although Keyes acknowledged that he "wasn't rushing" through Times Square, he recalled being in the area for

"roughly[] ten minutes, fifteen minutes," not the half hour that Defendant Silva recalled. (Dkt. No. 65-3 at 82:1–4.) Keyes testified that he spent this time walking north from "maybe 41st" Street (Dkt. No. 65-3 at 72:4–7, 84:23–25), despite Defendant Cassidy's recollection that he first noticed Keyes when he was walking south (Dkt. No. 65-4 at 22:13–15). Finally, Keyes points out various discrepancies as to which street and which side of the street Defendants recalled themselves and their fellow officers being on; Defendant Silva, for instance, testified that Keyes walked up to 49th Street, while Defendant Cassidy testified that Keyes stayed between 43rd and 44th Streets before being arrested in that area. (Dkt. No. 72 at 3.) Keyes is correct that the accounts are inconsistent on these issues. But these are minor inconsistencies, none of which pertains to whether Defendants were close enough to observe Keyes and believe, mistakenly or not, that he had touched Alleged Victims 1 and 2. In other words, Keyes fails to identify a genuine dispute as to any *material* fact regarding the presence or absence of probable cause to arrest him. *See Waddlington v. City of New York*, 971 F. Supp. 2d 286, 293–94 (E.D.N.Y. 2013) ("Such inconsistencies . . . in no way undermine [the defendants'] belief that Plaintiff had committed an offense under New York law and Defendants are entitled to summary judgment").

Having concluded that Defendants had probable cause to arrest Keyes, the Court also concludes that Defendants had probable cause to prosecute him. *See DiMascio v. City of Albany*, 205 F.3d 1322 (Table), 2000 WL 232053, at *2 (2d Cir. 2000) (We find — in light of our holding that the officers had, for the purposes of this civil action, probable cause to arrest appellant — no evidence that appellees lacked probable cause to initiate the criminal proceedings against appellant."). Probable cause to arrest gives rise to probable cause to prosecute unless "the probable cause that existed at the time of [a defendant's] arrest had been nullified by information establishing [the defendant's] innocence." *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d

Cir. 2003); *Betts*, 751 F.3d at 82.  Keyes identifies no evidence that would have established his innocence between the time of his arrest and the time of his prosecution.  Furthermore, in assessing the existence of probable cause to prosecute, the Court may rely on the state court's determination of probable cause unless that determination was procured through "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."  *Dawson v. Snow*, 356 F. App'x 526, 529 (2d Cir. 2009) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 82–83 (1983)).  Keyes, who does little more than accuse Defendants of lying about what they observed, has not marshaled evidence that Defendants committed fraud on the court or otherwise acted bad faith.  *See Watson v. Grady*, No. 09-cv-3055, 2015 WL 2168189, at *15 (S.D.N.Y. May 7, 2015) (explaining that a plaintiff cannot baldly assert that officers perjured themselves).  It follows that Defendants had probable cause not only to arrest Keyes but also to prosecute him.  Summary judgment is therefore appropriate on the false arrest and malicious prosecution claims.

## IV.  Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to close the motion at Docket Number 63 and to close this case.


SO ORDERED.

Dated:  August 24, 2021
     New York, New York

_____
J. PAUL OETKEN
United States District Judge

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

MYTAYARI KEYES,

                       Plaintiff,

            -against-

THE CITY OF NEW YORK, et al.,

                    Defendants.

------------------------------------------------------------X

18 **CIVIL** 4712 (JPO)

**JUDGMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/2021

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion and Order dated August 24, 2021, Defendants' motion for summary

judgment is GRANTED; accordingly, the case is closed.

**Dated:** New York, New York
       August 24, 2021

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:**

**Deputy Clerk**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------------------x
MYTAYARI KEYES

                 Plaintiff

-against-                                             No. 21-2406

THE CITY OF NEW YORK, *et al.*,

                 Defendants.
-------------------------------------------------------------------x

ADDENDUM "B" TO THE CIVIL APPEAL
PRE-ARGUMENT STATEMENT (FORM C)

      Plaintiff-Appellant Mytayari Keyes respectfully submits this Addendum "b" to the civil

Appeal Pre-Argument Statement (Form C), filed herewith.

**ISSUES PROPOSED TO BE RAISED ON APPEAL
AND THE APPLICABLE APPELLATE STANDARD OF REVIEW**

      Plaintiff-Appellant expects to raise the following issues on appeal:

      1.       Did the District Court err by granting summary judgment against Plaintiff

pursuant to Rule 56 of the Federal Rules of Civil Procedure?  The standard of review is *de novo*.

*See SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009) ("We review a

district court's grant of summary judgment de novo, construing the evidence in the light most

favorable to the non-moving party and drawing all reasonable inferences in its favor.")